# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **PENNY MORRIS AND JOHN MORRIS** | * | **CIVIL ACTION NO. 09-00854** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WYETH, INC. d/b/a/ WYETH;** | * | **MAGISTRATE JUDGE** |
| **SCHWARZ PHARMA, INC.;** | | **KAREN L. HAYES** |
| **PLIVA USA, INC.;** | | |
| **TEVA PHARMACEUTICALS USA, INC.;** | | |
| **AND ALAVEN PHARMACEUTICALS, LLC.** | | |

## MEMORANDUM ORDER

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) filed by defendant Teva Pharmaceuticals USA, Inc. ("Teva").  (Doc. # 31).[1]  Pursuant to the standing order of this court, the district court referred the motion to dismiss to the undersigned magistrate judge for report and recommendation and the motion for a more definite statement for decision.  For reasons stated below, the motion for a more definite statement is **GRANTED**.  The court defers issuing a report and recommendation on the motion to dismiss pending the submission of an amended complaint in accordance with this court's ruling on Teva's motion for a more definite statement.

On May 22, 2009, the plaintiffs, Penny and John Morris, filed an original complaint. (Doc. # 1).  In their complaint, plaintiffs alleged that they suffered damages arising out of Penny

---

[1] As the motion for a more definite statement is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Morris' ingestion of metoclopramide and/or metoclopramide HCI, more commonly referred to as Reglan.  (*Id.* at ¶ 3.01).  Plaintiffs also alleged that defendants were engaged in the business of developing, manufacturing, selling, testing, marketing, advertising, promoting, and distributing Reglan.  (*Id.* at ¶¶ 3.02 - 3.08). However, plaintiffs failed to identify which defendant manufactured the Reglan that was ingested by Penny Morris.

On July 22, 2009, Teva filed the instant motions to dismiss and for a more definite statement.  In their pleadings, Teva alleged, *inter alia*, that plaintiffs had failed to identify the manufacturer of the Reglan that was ingested by Penny Morris.  (Doc. # 31 at 2-3).

On August 6, 2009, plaintiffs filed a brief in opposition to Teva's motions to dismiss and for a more definite statement.  (Doc. # 40).  Plaintiffs contended that they had "now identified Defendant Teva as the manufacturer of some or all of the metoclopramide ingested by [Penny Morris] which led to" the medical conditions that allegedly afflict Penny Morris.  (*Id.* at 1).  In addition, in a stipulation filed on August 7, 2009, plaintiffs alleged that Penny Morris did not ingest any Reglan manufactured by three of the five named defendants - Wyeth, Inc., Schwarz Pharma, Inc., and Alaven Pharmaceuticals, LLC - but plaintiffs did not specifically allege which defendant or defendants manufactured the Reglan that Mrs. Morris ingested.  (Doc. # 43).

The appropriate vehicle to respond to a motion for a more definite statement is an amended complaint.  *Southwest Louisiana Healthcare System v. MBIA Insurance Corporation*, No. 05-1299, 2006 U.S. Dist. LEXIS 27481, at *20 (W.D. La. May 4, 2006); *Frey v. Publishers Clearing House*, No. 98-2822, 1999 U.S. Dist. LEXIS 36, at *3 (E.D. La. Jan. 5, 1999). Accordingly, plaintiffs' assertion in their opposition brief that they have now identified Teva as the manufacturer of the Reglan ingested by Penny Morris is an insufficient response to Teva's

motion for a more definite statement.  Furthermore, plaintiffs' allegation in their stipulation that three of the five named defendants, none of which is Teva, did not manufacture the Reglan ingested by Penny Morris does not sufficiently identify Teva as the manufacturer responsible for Mrs. Morris' injuries.

Teva's motion for a more definite statement is therefore **GRANTED**, and the court orders the plaintiffs to amend the complaint within 15 days to identify Teva as the manufacturer of the Reglan ingested by Penny Morris.  If plaintiffs fail to identify Teva as the manufacturer in an amended complaint, this court will recommend granting Teva's motion to dismiss.

Thus done and signed, this 3rd day of November, 2009, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE