UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **PENNY MORRIS and JOHN MORRIS** | * | **CIVIL ACTION NO. 09-0854** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WYETH, INC. d/b/a WYETH; SCHWARZ PHARMA, INC.; PLIVA USA, INC.; TEVA PHARMACEUTICALS USA, INC.; ALAVEN PHARMACEUTICALS, LLC** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant Teva Pharmaceuticals USA, Inc. ("Teva"). [Doc. # 31]. The district court referred the motion to the undersigned magistrate judge for decision pursuant to the standing order of this court. For reasons set forth below, it is recommended that the motion to dismiss be **GRANTED**, insofar as it seeks dismissal of plaintiffs' punitive damages claims, requests for attorney's fees, and all other claims not arising under the Louisiana Products Liability Act.

BACKGROUND

On May 22, 2009, plaintiffs Penny and John Morris (Mrs. and Mr. Morris) filed a complaint on the basis of diversity jurisdiction alleging that they suffered damages resulting from the defendants' development, manufacture, sale, testing, marketing, advertising, promotion, and distribution of the drug metoclopramide and/or metoclopramide HCl, more commonly referred to as Reglan. (Doc. # 1 at ¶¶ 3.01-3.08). Plaintiffs specifically assert that Mrs. Morris began using the prescription drug in early 2006 to treat stomach problems and continued to take the medication until July 2008. *Id.* at ¶ 3.09. As a result, Mrs. Morris allegedly suffers from

"serious, permanent and disabling injuries, including but not limited to, injuries of or associated with the central nervous and extrapyramidal motor systems, specifically Tardive Dyskinesia, a severe and permanent disfiguring neurological movement disorder." *Id.* at ¶ 3.17. Plaintiffs also allege damages including, but not limited to, past and future medical expenses, loss of ability to provide household services, disfigurement, disability, pain, suffering, and psychological injury. *Id.* at ¶ 3.19. In addition, Mr. Morris alleges past and future consortium damages. *Id.* Plaintiffs further request an award for punitive damages and attorney's fees. *Id.* at p. 26.

On July 22, 2009, Teva filed the instant motion to dismiss for failure to state a claim upon which relief may be granted. The motion seeks to dismiss all claims beyond the scope of the Louisiana Products Liability Act ("LPLA"), LA. REV. STAT. ANN. § 9:2800.51 *et seq.*, which sets forth the exclusive theories of liability for product liability cases in Louisiana. (Doc. # 31 at 3). The motion further contends that plaintiffs are not entitled to punitive damages and attorney's fees under Louisiana law. *Id.* at 4-5. On August 7, 2009, plaintiffs filed a memorandum in opposition to the motion to dismiss. (Doc. # 41). On November 6, 2009, plaintiffs submitted a third amended complaint which specifically identified Teva and Pliva USA, Inc. ("Pliva") as the manufacturers of the Reglan that Mrs. Morris ingested.[1] (Doc. #103 at ¶ 3.06) The matter is now before the court.[2]

---

[1] Teva initially filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and motion for more definite statement pursuant to Fed. R. Civ. P. 12(e). (Doc. # 31). In its motion for more definite statement, Teva pointed out that plaintiffs had failed to identify the manufacturer of the Reglan that Mrs. Morris ingested, as required by the LPLA. *Id.* at 7. Accordingly, this court ordered plaintiffs to amend their complaint to identify the manufacturers of the Reglan that Mrs. Morris ingested. (Doc. # 100). Plaintiffs complied with this order in submitting their third amended complaint, and thus the court need only consider Teva's motion to dismiss.

[2] The court deferred consideration of the instant motion to dismiss while plaintiffs endeavored to correct deficient allegations of diversity jurisdiction, 28 U.S.C. § 1332. [Doc. #

**12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512. However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a plaintiff pleads factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*

**ANALYSIS**

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In their memoranda, the instant parties both address plaintiffs' claims in terms of Louisiana law, and thus implicitly agree that the substantive law of Louisiana applies to the instant dispute. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. 1997)

---

27]. On October 27, 2009, plaintiffs properly established diversity jurisdiction by voluntarily dismissing the jurisdictionally ambiguous defendant, Alaven Pharmaceuticals, L.L.C. [Doc. ## 96, 78].

(applying Louisiana law because no party disputed that Louisiana law governed);[3] *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 906 (E.D. La. 2007) (applying substantive law of plaintiff's home state in defective drug product case).

### a) LPLA Exclusivity

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." LA. REV. STAT. ANN. § 9:2800.52. In addition, "a claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." *Id.*; *see also Jefferson*, 106 F.3d at 1251.

Accordingly, as plaintiffs concede in their opposition memorandum (Doc. # 40 at 1), plaintiffs' claims against defendants for negligence, strict liability, unfair trade practices, breach of warranties, misrepresentation and fraud, and gross negligence are not viable as independent theories of recovery outside of the LPLA framework.

### b) Punitive Damages and Attorney's Fees

In their complaint, plaintiffs assert the right to recover punitive damages and attorney's fees. However, under Louisiana law, exemplary or punitive damages are not recoverable unless expressly provided for by statute. *Albert v. Farm Bureau Ins., Inc.*, 940 So.2d 620, 622 (La. 2006) (citation omitted).[4] It is manifest that plaintiffs' complaint does not implicate the two specific circumstances where exemplary damages are authorized under Louisiana law. *See* LA.

---

[3] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (Vance, J.).

[4] Plaintiff does not argue that the law of any other state should apply to the issue of punitive damages. Under Louisiana's Conflict of Laws provisions, the issue of damages (including punitive damages) in a products liability case is governed by the law of Louisiana when, as here, 1) the injury was sustained in Louisiana by a person domiciled or residing in Louisiana; or 2) when the product was acquired in Louisiana and caused injury in Louisiana or injured someone domiciled in this state. LA. CIV. CODE ANN. art. 3545.

CIV. CODE ANN. arts. 2315.4 & 2315.7.  Accordingly, dismissal of plaintiffs' request for punitive damages is required.

Similarly, Louisiana law does not allow recovery of attorneys fees except where authorized by statute or contract.  *See* LA. CODE CIV. PROC. ANN. art 1920; *see also Kinsinger v. Taco Tico, Inc.*, 861 So.2d 669, 671-672 (La. App. 5th Cir. 2003); *Smith v. Shirley*, 815 So.2d 980,989 (La. App. 3d Cir. 2002).  No statute or contract authorizes the recovery of attorney's fees in this case; therefore, dismissal of plaintiffs' claims for attorney's fees is also warranted on this basis.

**c) Additional Defendants**

Although Defendant Pliva failed to file a similar motion to dismiss, it is recommended that any and all claims against Pliva not arising under the Louisiana Products Liability Act be dismissed as well.  The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  The Fifth Circuit has held that a "district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *see also McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties) (citing *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

For the reasons set forth above,

**IT IS RECOMMENDED** that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. # 31] filed by defendant Teva Pharmaceuticals USA, Inc. be **GRANTED**, and that judgment be entered in favor of Teva **DISMISSING WITH PREJUDICE** Plaintiffs' punitive

damages and attorney's fees claims and all other claims not arising under the Louisiana Products Liability Act.

For the same reasons, **IT IS RECOMMENDED** that judgment be entered in favor of Pliva USA, Inc. **DISMISSING WITH PREJUDICE** Plaintiffs' punitive damages and attorney's fees claims and all other claims not arising under the LPLA.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of November, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE