UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**PENNY MORRIS, ET AL.**          *       **CIVIL ACTION NO. 09-0854**

**VERSUS**                        *       **JUDGE ROBERT G. JAMES**

**WYETH, INC., ET AL.**           *       **MAG. JUDGE KAREN L. HAYES**

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery [doc. # 116] filed by defendant Pliva, Inc., f/k/a Pliva USA, Inc. ("Pliva"), pursuant to Rule 37 of the Federal Rules of Civil Procedure.[1] The motion is opposed. For reasons stated below, the motion [doc. # 116] is **GRANTED in part and DENIED in part**.

## Background

Plaintiffs, Penny Morris and her husband, John Morris, filed the instant suit against the manufacturers of the prescription drug, metoclopramide and/or metoclopramide HCI, a/k/a Reglan, to recover damages that Peggy Morris allegedly sustained because of her use of the prescription drug from early 2006 until July 2008. (Compl, ¶ 3.09). Penny Morris contends that her prescription drug use resulted in "serious, permanent and disabling injuries, including but not limited to, injuries of or associated with the central nervous and extrapyramidal motor systems, specifically Tardive Dyskinesia, a severe and permanent disfiguring neurological movement

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

disorder." *Id.* at ¶ 3.17. Plaintiffs also allege damages including, but not limited to, past and future medical expenses, loss of ability to provide household services, disfigurement, disability, pain, suffering, and psychological injury. *Id.* at ¶ 3.19. In addition, John Morris alleges past and future consortium damages. *Id.*

On November 30, 2009, defendant Pliva served Penny and John Morris each with interrogatories and a request for production of documents. On January 11, 2010, Penny and John Morris each filed "Answers and Objections to Defendant PLIVA's First Set of Interrogatories." However, neither set of answers was verified as required by Rule 33(b)(5) of the Federal Rules of Civil Procedure. On January 11, 2010, Penny Morris also served her "Responses and Objections to PLIVA's Request for Production of Documents."[2]

Pliva contends that plaintiffs' answers to several interrogatories are incomplete and/or evasive. For example, Penny Morris ("Morris") refused to provide her social security number in response to Interrogatory No. 1. In addition, Morris failed to fully respond to Interrogatory Nos. 3, 7 and 14. She also purportedly failed to fully comply with Pliva's Document Production Request No. 22. Pliva further argues that John Morris provided an incomplete and evasive response to its Interrogatory No. 8 directed to him.

Following the parties' unsuccessful efforts to resolve these issues amongst themselves, Pliva filed the instant motion to compel on February 5, 2010. Plaintiffs filed their response on February 25, 2010. The matter is now before the court.

## **Law**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery

---

[2] Copies of Plaintiffs' discovery responses are attached as Exhibits 1-3 to the Declaration of Rex A. Littrell ("Littrell Dec.") attached to Pliva's motion to compel.

regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006).

       Under Rule 33, a party must answer interrogatories from "information available to the party." Fed.R.Civ.P. 33(b). Similarly, under Rule 34, a party must produce certain items within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a). "Answers to interrogatories must include all information within the party's control or known by its agents . . ." *Stern v. Seykota*, 2004 WL 3267284 (D. Virgin Islands Dec. 22, 2004) (citation omitted). Parties must "furnish such information responsive to the interrogatories as is available through reasonable efforts." *Schartz v. Unified School Dist. No. 512*, 1996 WL 741384, *3 (D. Kan. Dec. 22,1996) (citation omitted). However, a party's duty to provide responses to interrogatories is "generally limited to obtaining information from person and entities of which it has actual control." *Haggie v. Coldwell Banker Real Estate Corp.*, 2007 WL 1452495, *2 (N.D. Miss. May 15, 2007) (quoted source and internal quotation marks omitted). The party seeking discovery has the burden to show that the responding party has control of the material or information sought. *See, Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463 (E.D. La. Apr. 02, 2004) (addressing discovery under Rule 34).

3

## Discussion

**I.  Failure to Sign and Verify Answers to Interrogatories**

Answers to interrogatories must be in writing, under oath, and signed by the person answering them. Fed.R.Civ.P. 33(b). Plaintiffs do not contest that they failed to adhere to this requirement. Accordingly, plaintiffs shall amend their discovery responses to comply with Rule 33(b).

**II.  Social Security Numbers**

Plaintiffs have agreed to provide their social security numbers to defendants, via separate letter. Accordingly, this issue is MOOT. To the extent plaintiffs have not already forwarded this information to defendants, they shall promptly do so.

**III.  Morris Interrogatory No. 3**

This interrogatory seeks the names, addresses, and telephone numbers of Morris's children, parents, grandparents, aunts, uncles, brothers, sisters, and cousins. Morris provided the names, addresses, and dates of birth of her three children, but refuses to provide information regarding the identity of the other specified family members because she contends the information is not relevant. In its motion, however, Pliva emphasized that Morris's symptoms could stem from a variety of medical conditions, some of which may be genetic. Thus, whether any of Morris's extended family suffers from similar symptoms may prove highly relevant. In addition, Morris's extended family may be able to provide some insight into the progression of her medical condition. At some point, however, the likelihood of usable discovery becomes too tenuous. On the present record, the undersigned is not persuaded that identification of plaintiff's first cousins is reasonably calculated to lead to the discovery of admissible evidence, and thus, will draw the line at Morris's relatives who remain within the third degree of consanguinity.

Fed.R.Civ.P. 26(b)(1); *see also Mosely v. Wyeth, Inc.*, 2010 WL 761321 (S. D. Ala. Mar. 3, 2010) (involving many of the same issues and overlapping counsel). Accordingly, plaintiff shall provide Pliva with the names, addresses, and telephone numbers (or date and place of death) of her parents, grandparents, aunts, uncles, brothers, and sisters.

### IV. Morris Interrogatory No. 14

Morris responded to Interrogatory No. 14, which sought the names, addresses, and telephone numbers of all persons who have knowledge of relevant facts relating to her claims, by referring defendant to plaintiffs' Initial Disclosures. However, plaintiffs' Initial Disclosures lists only the following persons as individuals with discoverable information: (1) plaintiffs, (2) "[e]xpert witnesses retained by Plaintiffs," (3) "[e]xpert witnesses retained by Defendants," (4) "[w]itnesses identified by Defendants," and (5) "[w]itnesses identified by Plaintiffs."

To the extent that plaintiff is aware of any persons who have knowledge of relevant facts relating to her claims, she is obliged to disclose them to defendant, together with the requested contact information. Plaintiff's objection is overruled.

### V. Morris Interrogatory No. 7

Pliva's Interrogatory No. 7 propounded to Morris seeks information regarding her medical providers. The interrogatory and plaintiff's response are set forth, as follows,

> 7. Please state the name, address, and telephone number of each Health Care Provider and/or Health Care Facility (as defined above) where You were ever hospitalized or received care, treatment, or medication, inpatient or outpatient, for any mental or physical illness, injury, condition, or disability and, for each such Health Care Provider and/or Health Care Facility, state the illness, injury, condition, or disability for which You were hospitalized, confined, treated, or received medication or care; the type or nature of the care, treatment, or medications received; and the inclusive dates for each.

ANSWER:

5

>Plaintiff objects as harassing.  Please refer to the medical/ pharmacy records.
>(*Id.* at ¶ 7.)

In her response to defendant's motion, plaintiff contests the relevancy of her lifelong medical history to the instant cause of action which stems from symptoms that, according to her, only recently arose.  As mentioned above, however, one of defendant's defenses is that plaintiff's symptoms preexisted her prescription drug use or stem from another cause.  *See* Pliva's Answer, Defenses, ¶ 33 [doc. # 102].   Plaintiff's medical records may provide support for this defense, or alternatively, may tend to refute other potential causes.  In either event, the information is clearly relevant.  Nevertheless, absent further showing by defendant, the court will limit the disclosure of plaintiff's medical history and treatment to the period since she reached the age of majority (18).

Plaintiff alternatively argues that defendant may glean this information from her medical/pharmacy records.  It is the court's understanding, however, that Pliva has not been able to obtain all of plaintiff's medical records.  *See* discussion, *infra*.  Furthermore, unless plaintiff identifies her medical providers, it is not apparent exactly how Pliva may discern which providers it needs to obtain records from.  Accordingly, plaintiff shall identify each Health Care Provider and/or Health Care Facility (as defined in the interrogatories) where she received care, treatment, or medication, inpatient or outpatient, from the age of majority (18) until the present. Plaintiff shall also set forth the general dates that she received such care, treatment, or medication, and categorize the general type or nature of the care, treatment, or medication, if known.

**VI.    Morris Request for Production No. 22**

In its Request for Production No. 22, Pliva asked Penny Morris to sign authorizations for release of various records related to her claim.  Plaintiff provided executed medical

authorizations for some providers, but she refused to execute other authorizations on the basis that doing so "would allow for impermissible and irrelevant fishing expeditions into matters that are not relevant." The court addresses the authorization requests, as follows,

  1-3) <u>Authorizations for Release of Educational, Employment, and Financial Records</u>

Movant expended little to no ink addressing its need for these proposed authorizations. Presumably, this discovery is related to plaintiff's claim for loss of earnings/earnings capacity. *See Mosely, supra*. However, in her response to the motion to compel, Morris clarified that she is not seeking damages for lost wages or earning capacity. (Pl. Resp., pg. 4). Counsel's representation arguably conflicts with plaintiff's response to Interrogatory No. 11 wherein she stated that she expected to retain an expert to address issues related to damages. Under the circumstances, plaintiff is compelled to amend her response to Interrogatory No. 11 to conform with her current position. In light of counsel's representation, and subject to plaintiff's anticipated amendment of her response to Interrogatory No. 11, the court does not discern the continued relevancy of the foregoing authorizations. Accordingly, plaintiff's objection is sustained.

  4) <u>Consent for Release of Information to the Social Security Information</u>

This information is potentially relevant to discern whether plaintiff sought or obtained disability on some basis unrelated to the symptoms at issue here. Plaintiff has not argued or demonstrated that defendant's authorization request contravenes governing agency regulations. *Contrast* Medical Provider Authorizations, *infra*. Accordingly, plaintiff's objection is overruled; she shall complete and forward the requested authorization, forthwith.

  5) <u>Medicare Authorization to Disclose Personal Health Information</u>

Again, movant did not expound upon its need for this authorization, and the court finds

that any medical records obtained pursuant to such an authorization would be duplicative and cumulative of the records that defendant is obtaining from other sources. In any event, given plaintiff's reported age (47), it does not appear likely that she even qualifies for medicare. Plaintiff's objection is sustained.

      6-13)   <u>Blanket and Targeted Authorizations for Release of Medical Information</u>

For the reasons articulated in *Fields v. West Virginia State Police*, ___ F.R.D. ___, 2010 WL 286635) (S.D. W.Va. Jan. 26, 2010), and consistent with this court's treatment of a similar issue in *Allbritton v. International Minerals & Chemical Corporation*, Civil Action Number 06-0774 (W.D. La. Mar. 13, 2007) [doc. # 66], the court is not inclined to compel plaintiff to execute the requested medical authorizations. The Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, §§ 261-264, 110 Stat.1936 (1996), 42 U.S.C. § 1320d, *et seq*. ("HIPAA") includes specific means for defendant to obtain protected health information from "covered entities." *See* 45 C.F.R. § 164.512(e)(1)(ii-iii). Under these provisions, defendant may endeavor to discover or subpoena the records directly from the covered entity after providing prior notice to plaintiff, and in the absence of any valid objection thereto. 45 C.F.R. § 164.512(e)(1)(ii-iii).[3] Alternatively, the parties may agree upon an appropriate protective order. *Id*. If the covered entity will not provide the records in response to a HIPAA compliant process, defendant may then petition the court for an appropriate order. *See*, 45 C.F.R. § 164.512(e)(1)(I). Plaintiff's objection is sustained.

**VII.**   **John Morris Interrogatory No. 8**

---

[3] The court determines that prior notice constitutes 10 days. Because plaintiff's medical records may contain references to other causes for her symptoms that form the basis of the instant complaint, a general relevancy objection interjected by plaintiff to a proposed HIPAA request to a covered entity, will be viewed dimly by the court.

8

Pliva's Interrogatory No. 8 propounded to John Morris and his response thereto, state as follows,

> 8. Please itemize each element of damages that You are claiming on your own behalf, including, but not limited to medical and hospital expenses; past and future pecuniary loss; loss of consortium and grief; and any other element of damages claimed, by including the specific dollar amounts you are claiming and by identifying the manner in which each amount was computed. If you are claiming that you have been out of work due to plaintiff Penny Morris's alleged injury, please state the dates You were out of work, the name and address of Your employer, and Your supervisor's name and phone number.
>
> ANSWER:
>
> Plaintiff John Morris has suffered loss of consortium, both past and present. Plaintiff objects to the remainder of this interrogatory in that it is overly broad and burdensome for an Interrogatory and would more appropriately be addressed by way of deposition.

In plaintiffs' response to the motion to compel, they admit that John Morris does not have a claim for lost income or income potential; rather, he enjoys solely a claim for "loss of consortium and related damages." (Pl. Resp., pg. 6). As noted by plaintiffs, however, a loss of consortium claim may include a loss of impairment of services, love, companionship, affection, society, sexual relations, solace, financial support, and fidelity. *Id*. (citing *inter alia, Iorio v. Grossie*, 663 So.2d 366, 372 (La. App. 3d Cir. 1995)). While these damages certainly may be fleshed out during deposition, there is no worthy explanation why John Morris cannot succinctly itemize the different components of his loss of consortium claim, and clarify that he has no claim for lost income – as he did in response to the instant motion. Furthermore, while an award for general damages ultimately rests with the sound discretion of the trier of fact, plaintiff can quantify his *total* loss of consortium damages. *See Mosely*, 2010 WL 761321 at *8, n3.

Accordingly, plaintiff's objection to Interrogatory No. 8 is overruled.

**VIII. Fees and Costs**

When, as here, a motion to compel is granted in part and denied in part, the court is authorized to apportion the reasonable expenses associated with the motion. Fed.R.Civ.P. 37(a)(5). However, because of the mixed relief obtained by movant, and the substantial justification of the parties' positions, the court is not inclined to award costs and fees in this instance.

Conclusion

For the reasons set forth above, the motion to compel discovery [doc. # 116] filed by defendant, Pliva is hereby **GRANTED IN PART** and **DENIED IN PART. Within 15 calendar days from the date of this order, plaintiffs shall supplement their discovery responses in accordance with the opinion herein**. Defendant's request for costs and/or fees [doc. # 116] is **DENIED**.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of March 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE