# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

PENNY MORRIS, ET AL.                *     CIVIL ACTION NO.  09-0854

VERSUS                              *     JUDGE ROBERT G. JAMES

WYETH, INC., ET AL.                 *     MAG. JUDGE KAREN L. HAYES

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to stay proceedings [doc. # 162] filed by the three remaining defendants, Actavis Elizabeth LLC ("Actavis"), Teva  Pharmaceuticals USA, Inc. ("Teva"), and PLIVA, Inc. (f/k/a PLIVA USA, Inc.) ("PLIVA") (collectively "defendants").[1]  The motion is opposed.  For reasons stated below, the motion to stay proceedings is **GRANTED in part and DENIED in part**.

## Background

Plaintiffs, Penny Morris and her husband John Morris, filed the instant suit against the manufacturers of the generic prescription drug, metoclopramide and/or metoclopramide HCI, a/k/a Reglan (collectively, "metoclopramide"), to recover damages that Peggy Morris allegedly sustained because of her use of the prescription drug from early 2006 until July 2008.  (Compl, ¶ 3.09).  Plaintiffs contend that the manufacturers are liable under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51, *et seq*., because the product was

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

unreasonably dangerous in construction and design, contained inadequate warnings, and because it failed to conform to an express warranty.  (4th Amend. Compl., ¶¶ 4.01-4.05).

Other consumers of metoclopramide have filed similar products liability actions throughout the country against the same generic drug manufacturers who are defendants in this case.  A common defense asserted by the manufacturers is that plaintiffs' claims are preempted by the federal regulatory scheme governing pharmaceuticals.  At least two circuits, including the Fifth Circuit, have held that  failure-to-warn claims brought against generic drug manufacturers are *not* preempted by federal law.  *Demahy v. Actavis, Inc.*, 593 F.3d 428 (5th Cir. 2010); *Mensing v. Wyeth, Inc.*, 588 F.3d 603 (8th Cir. 2009).  On December 10, 2010, however, the Supreme Court granted writs in both cases, consolidated them, and scheduled the matter for oral argument to be held on March 30, 2011.  *Actavis, Inc. v. Demahy*,  ___ U.S.___, ___ S.Ct. ___, 2010 WL 2300536 (Dec. 10, 2010); *PLIVA, Inc. v. Mensing*, ___ U.S. ___, ___ S.Ct. ___, 2010 WL 621400 (Dec. 10, 2010).[2]  The Supreme Court may render a decision any time after argument, but typically, no later than the end of June.[3]

In light of the renewed life breathed into their preemption defense, defendants filed the instant motion to stay proceedings on January 11, 2011, accompanied by a request for expedited consideration, which the court granted.  *See* M/Expedited Hearing [doc. # 163] and Jan. 12, 2011, Order [doc. # 164].  On January 19, 2011, plaintiffs filed their memorandum in opposition

---

[2] *See also* http://www.supremecourt.gov/oral_arguments/argument_calendars/MonthlyArgumentCalMarch2011.pdf (last accessed on Jan. 25, 2011).

[3] *Guide for Counsel in Cases to be Argued before the Supreme Court of the United States*, pg. 15, http://www.supremecourt.gov/oral_arguments/guideforcounsel.pdf (visited on Jan. 25, 2011).

to the motion to stay.  (Pl. Opp. Memo. [doc. # 170]).  On January 21, 2011, defendants filed a

reply memorandum.  (Def. Reply [doc. # 171].  The matter is now before the court.

## Discussion

Courts enjoy the discretionary authority to stay proceedings "in the interest of justice and

in control of their dockets."  *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

The court's discretion is not limitless, however.  *Id*.  In deciding whether to grant a stay, the

courts "must weigh competing interests and maintain an even balance."  *Id*.  (citing *Landis v.*

*North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66 (1936)).  Moreover, the

Supreme Court has cautioned that

> the suppliant for a stay must make out a clear case of hardship or inequity in being
> required to go forward, if there is even a fair possibility that the stay for which he
> prays will work damage to some one else. Only in rare circumstances will a
> litigant in one cause be compelled to stand aside while a litigant in another settles
> the rule of law that will define the rights of both. Considerations such as these,
> however, are counsels of moderation rather than limitations upon power.

*Landis, supra*.

Nevertheless, "[e]specially in cases of extraordinary public moment, the individual may be

required to submit to delay not immoderate in extent and not oppressive in its consequences if

the public welfare or convenience will thereby be promoted."  *Id*.  Accordingly, the court's

decision to grant a stay should contemplate the following factors, "1) hardship and inequity on

the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted;

and 3) judicial economy."  *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La. Apr. 19,

2000) (citations omitted).

Applying the foregoing considerations here, the court finds that a stay is warranted under

the circumstances.  Under the court's scheduling order, this matter is currently set for trial on

3

August 22, 2011.  (Sept. 8, 2010, Sched. Order [doc. # 159]).  Although it is anticipated that the

Supreme Court will issue a decision prior to the trial date, there are other pending deadlines that

precede the expected decision date.  For instance, the parties' witness lists are due by mid-

February; discovery completion and expert report deadlines are April 7, 2011; and dispositive

motions must be filed by April 22, 2011.  (Sept. 8, 2010, Sched. Order).  Moreover, if the

Supreme Court decides that plaintiffs' inadequate warning/labeling claims are preempted by

federal regulation, this will significantly alter the posture of the case, eliminating one or more

theories of recovery and potentially reducing the scope of fact and expert discovery.  To conserve

the limited resources of the court and parties, the most efficient and prudent course is to stay fact

and expert discovery pending the Supreme Court's resolution of this central issue.  *See*

*Continental Holdings, Inc. v. Liberty Mutual Insurance Co.*, Civil Action No. 09-0595 (W.D. La.

Sept. 9, 2009) (staying action on grounds of judicial economy and efficiency, pending resolution

of the same issue in another case before the Fifth Circuit).

The court is not unmoved by plaintiffs' desire to have their day in court, which is why the

undersigned is not inclined to postpone indefinitely the trial setting and associated deadlines.

Rather, the stay should extend no longer than necessary, and in any event, no longer than mid-

July 2011, without further evaluation by the court.  Although plaintiffs have not articulated any

particularized harm occasioned by the stay, other than the fact of the delay itself, at least one

court has observed that the effects of a delay are partially assuaged by a corresponding increase in

plaintiffs' pretrial interest award, should they ultimately prevail at trial.[4]

---

[4] Of course, the prospect of a few additional months of interest may provide little
comfort to plaintiffs who seek redress for serious injuries.

The court further observes that plaintiffs recently obtained an extension of the deadline to amend pleadings and add additional parties until after the court rules on the pending motion to stay.  *See* Pl. M/Ext. of Deadlines [doc. # 160] and Jan. 11, 2011, Order [doc. # 161].  In their motion, plaintiffs did not explain whether they intended to amend their existing claims, add parties, or both.  If plaintiffs intend to add one or more parties, then it is likely that existing deadlines and the trial date will have to be continued, regardless, to allow the newly joined party to file responsive pleadings and conduct any necessary discovery.

Also, in their motion to extend the deadline to amend pleadings, plaintiffs conceded that a stay of most deadlines is warranted in this case.  *See* Pl. M/Ext. of Deadlines, pgs. 2-3 [doc. # 160].  Indeed, in many of these metoclopramide cases pending around the country, courts have granted stays, largely without objection, pending the Supreme Court's decision in *Demahy* and *Mensing*.[5]  While these decisions are neither binding nor dispositive, this court appreciates no cognizable grounds to buck the trend.

### Conclusion

For the above-assigned reasons,

**IT IS ORDERED** that defendants' motion to stay proceedings [doc. # 162] is hereby **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that discovery, both fact and expert, is **STAYED**, until further notice.

**IT IS FURTHER ORDERED** that within one week after the Supreme Court issues its

---

[5]  Defendants compiled a list of at least 13 other metoclopramide cases where the courts have entered stays.  *See* Def. M/Stay, Exhs.; Def. Reply Brief, Exhs.; *but see* Pl. Opp. Memo., Exhs. 1-2 (two cases denying stays).

decision in the consolidated matter of *Demahy* and *Mensing*, **but, in any event, no later than July 15, 2011**, defense counsel shall initiate a telephone status conference between counsel and the undersigned magistrate judge.

      **IT IS FURTHER ORDERED** that the September 8, 2010, Scheduling Order [doc. # 159]) is hereby **VACATED**.

      **IT IS FURTHER ORDERED** that if plaintiffs intend to amend their complaint, they shall promptly seek leave of court to do so.

      THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 27th day of January 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE