UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PENNY MORRIS AND JOHN MORRIS** | **CIVIL ACTION NO.  3:09-CV-854** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WYETH, INC., ET AL** | **MAG.  JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is a Motion for Relief from Judgment filed by Plaintiffs Penny and John Morris as to Defendants Wyeth, Inc. and Schwarz Pharma, Inc ("Brand Defendants"). [Doc. No. 182].  Brand Defendants filed an Opposition [Doc. No. 186], and Morris filed a Reply. [Doc. No. 190].  Brand Defendants filed a Supplemental Memorandum in Opposition.  [Doc. No. 208].

For the following reasons, Plaintiffs' Motion for Relief from Judgment is DENIED.

I.   BACKGROUND

Penny Morris ("Morris") ingested the generic prescription drug, metoclopramide.  The brand-name formulation of the drug is Reglan, which is produced by Brand Defendants.  After taking metoclopramide for over two years, Morris developed tardive dyskinesia, a neurological condition.  Morris filed suit against Brand Defendants and, later, against the generic manufacturers ("Generic Defendants"), based on a failure to warn theory under the Louisiana Products Liability Act ("LPLA"). [Doc. No. 1].

This Court dismissed Morris's claims against Brand Defendants with prejudice on November 23, 2009.  [Doc. No. 110].  The Court entered final judgment in favor of Brand

Defendants on March 23, 2010 [Doc. No. 126] without opposition from Plaintiffs.

On January 27, 2011, this Court stayed proceedings against Generic Defendants because the United States Supreme Court granted certiorari to a collection of lawsuits with essentially the same fact pattern as these proceedings. [Doc. No. 174]. The Supreme Court decided *Pliva, Inc. v. Mensing*, 564 U.S. ___, 131 S.Ct. 2567, 180 L.Ed. 2d 580 (2011), on June 23, 2011. In *Mensing*, the Supreme Court held that federal law governing labeling of pharmaceuticals preempts state law failure to warn claims. Under Food and Drug Administration ("FDA") regulations, generic drug manufacturers are required to use the same warning labels that the FDA requires brand-name manufacturers to affix to their products. Because FDA regulations prohibit generic manufacturers from unilaterally changing or strengthening their product labeling without prior FDA approval, the Supreme Court's holding means that the federal regulations preempt the state law failure to warn claims brought by Morris against Generic Defendants.

After the *Mensing* decision, Morris filed the instant Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60(b)(5) as to Brand Defendants on August 15, 2011 [Doc. No. 182], seeking relief from this Court's earlier judgment of dismissal.[1] On the same day, Generic Defendants filed a Motion to Dismiss. [Doc. No. 183].

## II.   LAW

"Relief under Rule 60(b) is considered an extraordinary remedy . . . [and that] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citation omitted).

---

[1] *Mensing* effectively immunized the generic defendants from liability under the facts of this case, which prompted Morris to seek relief from this Court's earlier judgment dismissing the brand-name manufacturers in the hopes of finding liability against them under a negligence theory.

### III. DISCUSSION

#### A. Relief from Final Judgment Under FED. R. CIV. P. 60(b)(5)

Morris seeks relief from this Court's earlier final judgment dismissing Brand Defendants under FED. R. CIV. P. 60(b)(5). Rule 60(b)(5) allows a court to relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

Morris argues that this Court's earlier dismissal of Brand Defendants was based on jurisprudence reversed by *Mensing*, asserting that (1) this Court relied on *Foster v. American Home Products Corporation*, 29 F.3d 165 (4th Cir. 1994), in its earlier dismissal of Brand Defendants [see Doc. No. 110]; and (2) *Mensing* reversed *Foster*. [Doc. No. 182, pp. 2-4]. In *Foster*, the Fourth Circuit held that, under Maryland law, a brand-name manufacturer cannot be held liable for injuries resulting from the use of another manufacturer's product. 29 F.3d at 167.

*Foster* was not a factor in this Court's November 23, 2009 dismissal of Brand Defendants. As Morris points out in her Opposition [Doc. No. 182, p. 4], this Court cited its own earlier decision, *Tarver v. Wyeth*, No. Civ. A. 3-04-2036, 2005 WL 4052382, and a Louisiana appellate court case, *Stanley v. Wyeth*, 07-2080 (La. App. 1 Cir. 5/2/08); 991 So.2d 31 [*see* Doc. No. 110, pp. 4-7].

In *Tarver v. Wyeth*, this Court found that, to proceed under the LPLA, "a plaintiff must establish that the defendant is the manufacturer of the product." 2005 WL 4052382, at *2 (citing *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002)). This Court neither cited nor relied on *Foster* in deciding *Tarver*.

*Stanley v. Wyeth* held that, under Louisiana law, "a name-brand drug manufacturer owes no legal duty to the consumer of a generic equivalent of its drug." 991 So.2d at 34-35. In

*Stanley*, the state appellate court did cite *Foster* for two propositions: (1) "a manufacturer 'cannot reasonably expect that consumers will rely on the information it provides while actually ingesting another company's drug'"; and (2) a generic manufacturer who "blindly accepts the brand name manufacturer's representations . . . does so at its own risk." *Id*. at 34 (quoting *Foster*, 29 F.3d at 171). The second proposition *Stanley* cites from *Foster* appears to be at odds with *Mensing*; however, this Court clearly did not cite *Stanley's* reliance on *Foster*. This Court cited *Stanley* only to support its conclusion that: "[u]nder the LPLA, a plaintiff asserting liability against any defendant must prove that the defendant was a manufacturer or seller of the product at issue as defined by statute." [Doc. No. 110, p. 5] (citing 991 So.2d at 33 n.2). Thus, Morris's argument that *Foster* played a significant role in this Court's earlier dismissal of Brand Defendants under the LPLA does not withstand a review of the record. Accordingly, it is unnecessary for this Court to determine whether or not *Mensing* reversed *Foster*.[2]

Although Morris will certainly view the denial of her motion for relief from judgment as inequitable, the *Mensing* decision and the current application of the LPLA have made it clear that parties injured by generic drugs have no recourse against brand name manufacturers under Louisiana's failure to warn law.

      **B.**    **Negligent Misrepresentation Claims against Brand Defendants**

Even if Morris had provided the Court with some basis to review its earlier decision, the Court would reject Morris's argument that traditional negligence law should determine the liability of Brand Defendants. [Doc. No. 182, pp. 5-7]. Citing numerous decisions from outside of Louisiana and the Fifth Circuit, Morris argues that Brand Defendants' failure to timely update

---

[2] Because *Foster* concerned Maryland law dealing with defective product claims, any finding that *Mensing* upsets *Foster* would apply to Maryland state law claims. *See Gross v. Pfizer, Inc., et al.*, No. 10-110, 2011 U.S. Dist. LEXIS 100346, at *6-7 (D. Md. Sep. 7, 2011).

their warning labels was the proximate cause of her injuries because third parties, such as physicians and Generic Defendants, relied on those labels when providing Morris with metoclopramide. *Id*. This Court rejected a similar characterization of Brand Defendants' activities in its Ruling granting Summary Judgment in favor of Brand Defendants. [Doc. No. 110, pp. 7-9]. The Court finds no reason to reverse that earlier judgment.

Accordingly, Morris has not shown a basis for this Court to provide relief from its dismissal of Brand Defendants.

### IV. CONCLUSION

Although denying Morris's Motion for Relief from Judgment appears to bar her from compensation for her injuries, there is, unfortunately, no basis for such relief outside of the LPLA. Furthermore, Morris's argument for relief from Brand Defendants under a negligent misrepresentation theory is untenable under the restrictions imposed by the LPLA.

Thus, for the foregoing reasons, Plaintiffs Penny and John Morris' Motion for Relief from Judgment as to Defendants Wyeth, Inc. and Schwarz Pharma, Inc. [Doc. No. 182] is DENIED.

MONROE, LOUISIANA, this 19th day of October, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE